```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re                                    :    Chapter 11
                                         :    Case Nos. 02-15749
ASIA GLOBAL CROSSING LTD., et al.,       :    through 02-15750 (SMB)
                                         :
          Debtors.                       :    (Jointly Administered)
                                         :
------------------------------------------------------X
```

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE CONVERSION OF THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 CASES**

THIS STIPULATION AND ORDER (the **"Stipulation"**) is entered into as of June 9, 2003, by and among Asia Global Crossing Ltd. (**"AGCL"**) and Asia Global Crossing Development Co. (**"AGCDC"**), as debtors and debtors in possession (collectively, the **"Debtors"**), and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the **"Committee"**), through their respective undersigned counsel.

## RECITALS

A.  On November 17, 2002 (the **"Petition Date"**), AGCL and its subsidiary, Asia Global Crossing Development Co. (collectively, the **"Debtors"**), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**). The Debtors' chapter 11 cases have been procedurally consolidated for administrative purposes;

B.  Each of the Debtors continues in possession of its property, and operates and manages its property, as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

C.  On or about March 10, 2003, AGCL and Asia Netcom Corporation Limited (**"Asia Netcom"**) consummated a transaction, previously approved by the Court pursuant to its order dated January 29, 2003, pursuant to which AGCL sold to Asia Netcom substantially all of

AGCL's assets. AGCL represents that, on or about March 10, 2003, each of AGCL's three senior officers entered into a Consulting Agreement (collectively, the **"Consulting Agreements"**) with Asia Netcom. On March 7, 2003, the Debtors' counsel disclosed to the Committee's counsel, by telephone, the terms of the Consulting Agreements. On or about March 13, 2003, the Debtors' counsel transmitted final but unexecuted copies of the Consulting Agreements to the Committee's counsel. On June 2, 2003, the Debtors' counsel filed copies of the Consulting Agreements with the Court;

        D.        On June 5, 2003, the Committee filed its Motion of the Official Committee of Unsecured Creditors (1) to Convert These Chapter 11 Cases to Cases Under Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code or (2) in the Alternative, to Appoint a Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the **"Committee Motion"**).

        E.        On June 9, 2003, the Debtors filed their Objection of Debtors and Debtors in Possession to Motion of the Official Committee of Unsecured Creditors (1) to Convert These Chapter 11 Cases to Cases Under Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code or (2) in the Alternative, to Appoint a Trustee Pursuant to Section 1104(a) of the Bankruptcy Code (the **"Objection"**).

        F.        The Committee and the Debtors have had discussions with respect to the allegations in the Motion and in the Objection and both parties desire to resolve the issues raised in the Motion and the Objection without further litigation.

## **STIPULATION**

NOW, THEREFORE, subject to approval of the Court, the Debtors and the Committee, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The Debtors represent that (i) they, and their counsel, disclosed the terms of the Consulting Agreements to the Committee's counsel at the earliest available opportunity after they were finalized and (ii) that the failure of the Debtors publicly to disclose the Consulting Agreements prior to June 2, 2003 was an honest oversight and an unintended mistake that caused no harm to the Debtors' estates.

2. The Committee accepts the foregoing representations and hereby (i) withdraws with prejudice those portions of the Committee Motion that refer to alleged fraud, dishonesty, mismanagement or breach of fiduciary duty by the Debtors, their management or their advisors and (ii) agrees not to pursue, or encourage the pursuit of, any litigation relating to such provisions.

3. The Committee continues to maintain that it is appropriate to convert these cases to cases under chapter 7 of the Bankruptcy Code pursuant to those portions of the Committee Motion that allege "continuing loss to and diminution of the estate and absence of a reasonable likelihood of rehabilitation" within the provisions of Section 1112(b)(1) of the Bankruptcy Code. In response, and without admitting any allegation in the Motion, the Debtors agree to convert, and hereby do convert, these cases to cases under chapter 7 of the Bankruptcy Code, effective as of the close of business on June 11, 2003, prevailing Eastern Time.

4. This Stipulation is subject to the approval of this Court and shall be effective upon it being "So Ordered" by this Court and entered on the docket for these chapter 11 cases.

5. This Stipulation may not be amended or modified except by subsequent agreement in writing signed by the Debtors and the Committee.

6. This Stipulation may be executed in one or more counterparts, all of which shall be considered one and the same document.

7. This Stipulation is without prejudice to the rights of the chapter 7 trustee **or any other party other than the Committee** [SMB 6/10/03].

Dated: New York, New York
      June 9, 2003

| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | BINGHAM McCUTCHEN LLP |
|---|---|
| By: /s/ Richard F. Casher<br>     Richard F. Casher | By: /s/ Evan D. Flaschen<br>     Evan D. Flaschen |
| David M. Friedman (DF-4278)<br>Richard F. Casher (RC-9185)<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700 | Evan D. Flaschen (EF-6973)<br>Christopher S. Snow (CS-6391)<br>One State Street<br>Hartford, Connecticut 06103<br>(860) 240-2700 |
| Attorneys for Debtors and the<br>  Debtors in Possession | Attorneys for the Official Committee<br>  of Unsecured Creditors |

SO ORDERED this 10th day of June, 2003:

/s/ Stuart M. Bernstein
Stuart M. Bernstein
Chief United States Bankruptcy Judge